IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-131-D-1
No. 7:12-CV-68-D

| | |
|---|---|
| DAVID ISAAC MCGAHA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On March 21, 2012, David Isaac McGaha ("McGaha") filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 115]. McGaha relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On May 23, 2012, the government moved to dismiss the motion [D.E. 120]. As explained below, the court grants the government's motion to dismiss.

On October 14, 2009, a federal grand jury in the Eastern District of North Carolina indicted McGaha and charged him with being a felon in possession of a firearm, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(g), and 924 [D.E. 1]. On March 22, 2010, pursuant to a plea agreement [D.E. 39], McGaha pleaded guilty [D.E. 38]. On October 21, 2010, the court held a sentencing hearing and calculated McGaha's advisory guideline range to be 180 to 210 months' imprisonment. See [D.E. 83] 19. Although McGaha qualified for sentencing under the Armed Career Criminal Act ("ACCA"), the court granted the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, [D.E. 83] 20–21, which permitted McGaha to be sentenced below the otherwise applicable ACCA mandatory minimum of 180 months. The court sentenced McGaha to 120 months' imprisonment [D.E. 76, 80].

McGaha's judgment was entered on November 8, 2010 [D.E. 80]. McGaha's appeal was docketed the same day. See United States v. McGaha, No. 10-5133, [D.E. 5] (4th Cir. Nov. 8, 2010). On March 24, 2011, the United States Court of Appeals for the Fourth Circuit dismissed the appeal based on McGaha's voluntary motion. See [D.E. 100]; see also McGaha, [D.E. 39] (4th Cir. Mar. 24, 2011). The mandate also issued on March 24, 2011 [D.E. 101]. McGaha did not seek a writ of certiorari.

The government asks the court to enforce the appellate waiver in McGaha's plea agreement and dismiss his section 2255 motion. See [D.E. 121] 3. In his plea agreement, McGaha agreed:

> [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 39] ¶ 2(c).

Before considering the effect of McGaha's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of McGaha's Rule 11 colloquy reflects that McGaha had discussed the entire agreement with his attorney, that McGaha understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 93] 17–24. The court specifically read aloud the

2

entire appellate waiver and confirmed that McGaha understood the appellate and other rights he was waiving. Id. 19–22. The court may rely on McGaha's sworn statements made during the Rule 11 colloquy to conclude that McGaha made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, McGaha's waiver was valid.

As for the scope of the waiver, McGaha waived his right "to appeal whatever sentence is imposed on any ground." [D.E. 39] ¶ 2(c). McGaha only reserved his "right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

McGaha received a sentence of 120 months' imprisonment, which was below the advisory guideline range calculated at sentencing. In his section 2255 motion, McGaha makes two arguments. First, McGaha argues that, under Simmons, he no longer has a qualifying predicate felony conviction and is actually innocent of the instant offense. See [D.E. 116] 2–6. Second, he argues that, at a minimum, he is no longer subject to sentencing under the ACCA, and he should be resentenced after the court recalculates his advisory guideline range. See id. 6 n.8; [D.E. 123] 10–12.

With respect to actual innocence, the court focuses on McGaha's February 2008 conviction in Duplin County Superior Court for possession of stolen goods, a Class H felony. See [D.E. 116-3]. For this conviction, McGaha contends that "he was never exposed to more than one year imprisonment" because the state court sentenced him pursuant to a plea agreement that, once accepted by the court, bound the court to a maximum 11-month sentence. [D.E. 116] 5–6; cf. N.C. Gen. Stat. § 15A-1024 (permitting a defendant to withdraw a guilty plea and seek a continuance if the sentencing judge "determines to impose a sentence other than provided for in a plea arrangement between the parties"). McGaha analogizes his situation to defendants sentenced pursuant to plea

3

agreements under Federal Rule of Criminal Procedure 11(c)(1)(C), as interpreted by Freeman v. United States, 131 S. Ct. 2685 (2011). See [D.E. 123] 4–6. In Freeman, five members of a divided Supreme Court concluded "that sentences following [Rule] 11(c)(1)(C) agreement[s] are based on the agreement rather than the [Sentencing] Guidelines." 131 S. Ct. at 2690.

McGaha's argument fails. Freeman and Rule 11(c)(1)(C) agreements are distinguishable because, here, the court interprets North Carolina's mandatory structured sentencing scheme. Under North Carolina law, even plea agreements that provide for a specific sentence "must still be authorized by [the structured sentencing table] for the class of offense and prior record level." State v. Quick, 170 N.C. App. 166, 169, 611 S.E.2d 864, 866 (2005). The analysis required under North Carolina's Structured Sentencing Act is not supplanted merely because a plea agreement provides for a specific sentence. Rather, the sentencing judge still must calculate the appropriate sentencing range and issue a sentence consistent with that range. See, e.g., State v. Murray, 714 S.E.2d 209 (table), 2011 WL 2732556, at *2 (N.C. Ct. App. 2011) (unpublished); Quick, 170 N.C. App. at 169–70, 611 S.E.2d at 866. Thus, unlike the Rule 11(c)(1)(C) context, all sentences under North Carolina law are based on the structured sentencing scheme regardless of the presence of a plea agreement. See Morris v. United States, Nos. 5:10-CR-323-BO, 5:12-CV-213-BO, 2012 WL 5207486, at *1–2 (E.D.N.C. Oct. 22, 2012) (unpublished), aff'd, No. 12-7901, 2013 WL 239083, at *1 (4th Cir. Jan. 23, 2013) (per curiam) (unpublished); Peters v. United States, Nos. 7:07-CR-47-BO, 7:11-CV-56-BO, 2012 WL 3126819, at *2–3 (E.D.N.C. July 31, 2012) (unpublished), aff'd, No. 12-7323, 2013 WL 1943801, at *1 (4th Cir. May 13, 2013) (per curiam) (unpublished).

As with all other convictions under North Carolina's structured sentencing scheme, the court relies on the approach set forth in Simmons to determine whether McGaha's February 2008 conviction for possession of stolen goods was a felony. The state court determined that McGaha had

4

a prior record level of IV and was subject to sentencing within the presumptive range. See [D.E. 116-3]. Under North Carolina's structured sentencing scheme, a defendant convicted of a Class H felony with a prior record level of IV sentenced within the presumptive range faced a maximum of 14 months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17 (2001); cf. Simmons, 649 F.3d at 247 n.9 (requiring only examination of "the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range" to determine whether an offense was a felony). To determine whether an offense is a felony, "the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year imprisonment." United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (per curiam) (unpublished); see, e.g., United States v. Cozart, 496 F. App'x 280, 282–83 (4th Cir. 2012) (unpublished). Although McGaha received only an 11-month sentence, "the actual sentence imposed is irrelevant" to the felony determination. Thompson, 480 F. App'x at 204. Thus, because McGaha was subject to 14 months' imprisonment, this conviction remains a felony even after Simmons. Accordingly, McGaha is not actually innocent of his current offense of conviction.[1]

McGaha also argues that, after Simmons, he no longer qualifies for sentencing under the ACCA and should be resentenced after the court recalculates his advisory guideline range. See [D.E. 116] 6 n.8; [D.E. 123] 10–12. Assuming that the ACCA no longer applies to McGaha, his motion challenges the establishment of the advisory guideline range and therefore falls within the appellate waiver in his plea agreement. See, e.g., [D.E. 39] ¶ 2(c); Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. McGaha did not

---

[1] In light of the conclusion that McGaha's February 2008 conviction for possession of stolen goods was a felony, the court declines to address whether McGaha's Tennessee convictions also qualified as felonies.

5

receive a sentence in excess of the advisory guideline range calculated at sentencing. He "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law." Copeland, 707 F.3d at 529.

A claim of error in calculating the advisory guideline range would constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255 if the sentence imposed exceeded the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Ordinarily, a defendant sentenced under the ACCA is subject to a 180-month mandatory minimum sentence. See 18 U.S.C. § 924(e)(1). Although McGaha was subject to the ACCA at sentencing, he received a sentence of 120 months' imprisonment—below the ACCA's mandatory minimum. See [D.E. 76, 80]. Even assuming that McGaha is no longer subject to the ACCA, his 120-month sentence remains within the statutory limit for his offense of conviction. See 18 U.S.C. § 924(a)(2). Thus, McGaha's sentence is not "in excess of the maximum authorized by law" and the appellate waiver applies. 28 U.S.C. § 2255(a).

Moreover, when sentencing McGaha, this court announced that it would impose the exact same 120-month sentence as an alternate sentence pursuant to 18 U.S.C. § 3553(a). See [D.E. 83] 33–34; see also United States v. Hargrove, 701 F.3d 156, 161–63 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). At sentencing, McGaha's counsel objected to the court's calculation of the advisory guidelines and argued that the correct range was 41 to 51 months' imprisonment. See [D.E. 83] 19. The court overruled the objection. Id. However, when pronouncing the alternate sentence, the court assumed "that this defendant had prevailed on every single argument on every single issue under the advisory guidelines and the advisory guideline [range] was just as [McGaha's

6

counsel] had articulated." Id. 33. The court nonetheless announced that it "would impose the same exact sentence" as an alternate sentence pursuant to the section 3553(a) factors. Id. Thus, to the extent the court has the discretion to recalculate McGaha's advisory guidelines range and resentence him, the court declines to exercise its discretion for the reasons stated at length during the sentencing hearing. See id. 27–31.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of McGaha's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 120], and DISMISSES McGaha's motion to vacate, set aside, or correct his sentence [D.E. 115]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 3 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge